UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELAINE E. ATCHLEY,

                            Plaintiff,

     v.                                **DECISION AND ORDER**
                                                  13-CV-937S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

      1.      Plaintiff Elaine Atchley challenges an Administrative Law Judge's ("ALJ") determination that she was not disabled within the meaning of the Social Security Act ("the Act").

      2.      Atchley filed an application for Supplemental Security Income ("SSI") under Title XVI of the Act on July 14, 2010. Therein, she alleged an inability to work as of March 2, 1998 due to chronic obstructive pulmonary disease (COPD) and bi-polar disorder. (R. 161-64, 93.)[1][2] The application was denied and, at Atchley's request, a hearing was held before Administrative Law Judge William M. Weir on May 11, 2012. (R. 29-59.) Atchley appeared with counsel and testified.

      3.      The ALJ considered the case *de novo*, and on July 24, 2012, issued a decision denying the application for benefits. Atchley filed a request for review with the Appeals Council, which was denied on July 25, 2013. She commenced this civil action on

---

[1] Citations to the administrative record are designated as "R."

[2] Atchley had filed a prior application for SSI, on October 23, 2008. In a decision on that application, she was found not disabled through May 28, 2010. (R. 63-81.)

September 17, 2013, challenging the Commissioner's final decision.[3]

4. On February 11, 2014, Atchley filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Commissioner filed a cross-motion for judgment in its favor on April 11, 2014. The motions were fully briefed on May 5, 2014, at which time this Court took the matter under advisement without oral argument. For the reasons set forth below, the Commissioner's motion is granted, and Atchley's motion is denied.

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla"; it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

6. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen,

---

[3] The ALJ's July 24, 2012 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

8. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

9. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

10. In this case, the ALJ made the following findings with regard to the five-step process: (1) Atchley had not engaged in substantial gainful activity since July 14, 2010 (R. 18); (2) her bipolar disorder and COPD are severe impairments within the meaning of the Act (id.); (3) these impairments did not meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (id.); (4) Atchley retains the residual functional capacity ("RFC") to perform medium work, with limitations (R. 19); and (5) she is able to perform past relevant work as a fast food worker (R. 23). Ultimately, the ALJ concluded that Atchley was not under a disability as defined by the Act. (R. 24.)

11. Atchley maintains the ALJ's RFC determination is not supported by substantial evidence, and the ALJ did not apply the appropriate legal standards to assess her credibility.

12. Atchley first urges the ALJ erred because he did not include in the RFC

determination a verbatim statement from consultative psychiatric examiner, Dr. Baskin, that Atchley "would have moderate limitations being able to deal with stress." (R. 326.) The ALJ gave great weight to Dr. Baskin's medical source statement. Relevant to this discussion, the ALJ determined Atchley is able to follow and understand simple directions and instructions, perform simple tasks independently, learn new tasks with supervision, and relate adequately with others. (R. 19.)

As Atchley correctly observes, "[i]t is well-settled that '[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical-evidence (e.g., daily activities, observations).'" Hogan v. Astrue, 491 F. Supp.2d 347, 354 (W.D.N.Y. 2007) (quoting SSR 96-8p, 1996 SSR LEXIS 5, 1996 WL 374184, at *7 (S.S.A. 1996); citing Balsamo v. Chater, 142 F.3d 75, 80-81 (2d Cir. 1998)). The ALJ fully discussed Dr. Baskin's evaluation of Atchley, conducted on September 14, 2010. He also reviewed and discussed treatment notes from Dr. Hong Rak Choe, Atchley's treating psychiatrist with whom she had a longstanding treatment relationship. The ALJ's decision expressly references Dr. Choe's records from December 2009 through March 5, 2012, which chronicle Atchley's response to prescribed medications. (R. 22.) Dr. Choe consistently noted that she was fairly stable, with no psychotic, affective, or manic symptoms. While Atchley reported financial and family stressors to Dr. Choe in 2011 and 2012, she continued to deny symptoms or problems during those times. (Id.)

Having reviewed the record, the Court finds the determination that Atchley is capable of understanding simple directions and instructions, performing simple tasks, learning new tasks with supervision, and relating adequately with others is supported by

substantial evidence.

13. Atchley next challenges the adequacy of the RFC determination by claiming the ALJ did not fully develop the record. Although the record contains Dr. Choe's treatment notes from December 2003 to April 2012, Atchley contends the record is incomplete absent an opinion from Dr. Choe regarding her mental health-related limitations.

It is well-settled that disability hearings are non-adversarial, and that an ALJ has a duty to develop the record in certain instances.

> Although an ALJ has an affirmative duty to develop the administrative record even when a claimant is represented by counsel, see Perez v. Chater, 77 F.3d 41, 47 (2d Cir.1996), "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim," Rosa v. Callahan, 168 F.3d 72, 79 n. 5 (2d Cir.1999) (internal quotation marks omitted); see also 20 C.F.R. § 416.912(d) (stating that before ALJ will determine that claimant is "not disabled, [ALJ] will develop [claimant's] complete medical history").

Lowry v. Astrue, 474 Fed. Appx. 801, 804, 2012 WL 1142308 at *2 (2d Cir.2012). The relevant inquiry is as follows: absent the information the claimant contends the ALJ should have attempted to obtain, is the medical record sufficient to support the ALJ's RFC assessment? Tankisi v. Commissioner of Social Security, No. 12–1398–CV, 2013 U.S. App. LEXIS 6545, 2013 WL 1296489 (2d Cir. Apr.2, 2013) ("remand is not always required when an ALJ fails in his duty to request opinions, particularly where, as here, the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity"). In this case, the Court finds no obvious gaps or deficiencies in the record. Accordingly, remand on this basis is not warranted.

14. Finally, Atchley maintains the ALJ did not apply the appropriate legal

standards when he found her testimony was not entirely credible.

When considering a claimant's symptoms, an ALJ must follow a two-step process. First, he must determine if there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms. Second, the ALJ must evaluate the intensity, persistence, and limiting effects of those symptoms to determine the extent to which they limit the claimant's functioning. This requires the ALJ to consider "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." "The determination . . . must contain specific reasons for the finding on credibility . . . and must be sufficiently specific to make clear . . . the weight the adjudicator gave to the individual's statements and the reasons for that weight SSR 96-7p, 1996 SSR LEXIS 4, at *1-4; 1996 WL 374186, at *1-2.

Here, the ALJ found Atchley's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her statements concerning their intensity, persistence and limiting effects were not credible to the extent they were inconsistent with the RFC assessment. (R. 21.) The ALJ provided a summary of Atchley's testimony and went on to set out specific reasons for his credibility finding. He noted that Atchley testified she missed several appointments with Dr. Choe in 2011 and 2012 because she could not get motivated to go out or to even call and cancel the appointments. Yet Dr. Choe's notes during that same period reflect that Atchley was stable and reporting no symptoms. (R. 21, 23.) Atchley confirmed, elsewhere in her

7

testimony, that she was doing well on medication prescribed by Dr. Choe which meant, among other things, that she was able to get out of the house. (R. 21.) The ALJ also noted Atchley's inconsistent statements, during her evaluations and under oath, regarding her history of substance abuse. (R. 21, 23.) Based on these inconsistencies, the ALJ concluded Atchley's "subjective allegations are not sufficiently reliable to carry her burden of establishing disability."

Having reviewed the ALJ decision and the record, the Court finds the ALJ applied the appropriate legal standard and his credibility determination is supported by substantial evidence.

****

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED;

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is DENIED;

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: October 28, 2014
       Buffalo, New York

                                        /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                              Chief Judge
                                       United States District Court